Filed 5/14/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 67

Duane Steen, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

Nos. 20120398-20120402

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Per Curiam.

Mark T. Blumer, P.O. Box 7340, Fargo, N.D. 58106, for petitioner and appellant; submitted on brief.

Nathan K. Madden, Assistant State’s Attorney, P.O. Box 2047, Williston, N.D. 58802, for respondent and appellee.

Steen v. State

Nos. 20120398-20120402

Per Curiam.

[¶1] Duane Steen appealed from an order summarily dismissing his application for post-conviction relief from the revocation of his probation for a 2002 conviction and from 2008 convictions entered upon pleas.  Steen’s application for post-conviction relief generally claimed: (1) he was entitled to credit for time served on his sentence for the 2002 conviction; (2) the State violated his plea agreements and his due process rights; (3) his plea under 
North Carolina v. Alford
, 400 U.S. 25 (1970)  was invalid; (4) he received ineffective assistance of counsel; (5) he did not waive a hearing on his status as a habitual offender; and (6) he did not waive a pre-sentence investigation.  After the State moved for summary disposition, the district court decided: (1) Steen’s claim for credit for time served was res judicata under 
State v. Steen
, 2009 ND 30, ¶ 1, 767 
N.W.2d 
 530; (2) the transcript for a 2008 hearing demonstrated Steen had no basis to withdraw his 
Alford
 plea; (3) his claim for a separate hearing on his status as a habitual offender was without merit under 
State v. Cain
, 2011 ND 213, ¶ 17, 806 N.W.2d 597; (4) the sentencing court was not required to obtain a pre-sentence report under N.D.C.C. § 12.1-32-09(5); and (5) he did not show he was prejudiced by counsels’ claimed ineffectiveness.  

[¶2] On appeal, Steen claims his application for post-conviction relief and his affidavits were sufficient to raise material issues of fact and warrant an evidentiary hearing on his claim for ineffective assistance of counsel.  We conclude Steen failed to provide any proof of prejudice in the context of the revocation and plea proceeding.  
See
 
Heckelsmiller v. State
, 2004 ND 191, ¶ 4, 687 
N.W.2d
 454 (stating prejudice prong of ineffective assistance of counsel claim requires defendant to establish reasonable probability that, but for counsel’s claimed errors, the result of proceeding would have been different, and if it is easier to dispose of ineffectiveness claim on ground of lack of prejudice, that course should be followed).  To the extent Steen raises other claims on appeal, he failed to provide any proof of disputed issues of material fact for those claims.  
See
 
State v. Bender
, 1998 ND 72, ¶ 22, 576 N.W.2d 210 (party opposing motion for summary disposition may not rely upon pleadings, but must present evidentiary support in response to motion).  We affirm under N.D.R.App.P. 35.1(a)(6).

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom