2013 ND 100

**Elizabeth A. FREY, n/k/a Wonser, Plaintiff and Appellee**

v.

**Gardell Q. FREY, Defendant and Appellant.**

**No. 20120378.**

Supreme Court of North Dakota.

June 19, 2013.

Kent M. Morrow, Bismarck, ND, for plaintiff and appellee.

Daniel H. Oster, Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Gardell Quito Frey appeals a district court order denying his motion to modify primary residential responsibility. We reverse, concluding a material change occurred as a matter of law, and remand for the district court to find whether modification is necessary to serve the best interests of the children under the relevant statutory factors. We affirm the district court's modification of child support.

I

[¶ 2] Frey married Elizabeth Anna Wonser (f/k/a Frey) in 2003, and the parties divorced in 2008. Wonser was awarded primary residential responsibility of the parties' two children, A.H.F., born in 2003, and A.E.F., born in 2007. After the divorce, Wonser and the children continued to reside in Mott, North Dakota. In January 2011, Wonser moved with A.E.F. to Alvarado, Minnesota. A.H.F. remained in Mott, moving in with Frey to permit A.H.F. to continue school. In July 2011, Frey filed a motion to modify primary residential responsibility to award himself primary residential responsibility of both children.

[¶ 3] An interim hearing was held in October 2011. The court issued an interim order granting primary residential responsibility to Frey and parenting time to Wonser. On August 24, 2012, the district court held an evidentiary hearing on Frey's motion to modify primary residential responsibility. The district court denied Frey's motion, concluding evidence did not support finding a material change in circumstances to allow modification of primary residential responsibility. Frey appeals, arguing the district court erred by finding no material change in circumstances occurred.

II

[¶ 4] Frey argues the district court's decision denying his motion to modify primary residential responsibility was clearly erroneous. Wonser argues the district court properly found no material change occurred and modification was not in the children's best interests. A district court may modify primary residential responsibility after two years from the entry of an order establishing primary residential responsibility if the court finds:

"(a) On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

(b) The modification is necessary to serve the best interest of the child."

N.D.C.C. § 14–09–06.6(6). "The party seeking modification has the burden of proving a change in residential responsibility is required." *Krueger v. Tran,* 2012 ND 227, ¶ 12, 822 N.W.2d 44.

[¶ 5] Under Section 14–09–06.6, N.D.C.C., the district court uses "a two-part analysis to determine whether to modify primary residential responsibility." *Vining v. Renton,* 2012 ND 86, ¶ 14, 816 N.W.2d 63. "First, the district court 'must consider whether there has been a material change of circumstances since the original custody decree.'" *Id.* (quotation omitted). "Second, if there has been a material change, the district court 'must

decide whether a change in custody is necessary to serve the best interests of the child.'" *Id.* (quotation omitted). "A district court's decision to modify primary residential responsibility 'is a finding of fact subject to the clearly erroneous standard of review.'" *Id.* at ¶ 15 (quotation omitted). "A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made." *Id.* (quotation omitted).

### A

[¶ 6] Frey argues the district court's finding no material change occurred was clearly erroneous because the district court improperly considered evidence excluded by an oral motion in limine and failed to consider Wonser's multiple relocations. "A material change in circumstances is an important new fact that was not known at the time of the prior residential responsibility decision." *Krueger,* 2012 ND 227, ¶ 13, 822 N.W.2d 44. The district court found no material change occurred, explaining:

> "The move by [Wonser] to Alvarado, MN, was with the intent to move to Grand Forks, ND, and [Frey] did know of the move to Minnesota under the agreement to have AHF stay with [Frey] and AEF move with [Wonser]. Even with the move to Grand Forks, the only change has been the time to exchange the children to account for the distance between the parties."

The district court concluded, "The Court does not find the change in AHF"s school from Mott to Mandan as a material change or [Frey] parenting AHF while he finished school in Mott per the agreement he had with [Wonser] a material change."

[¶ 7] Wonser argues the only ground for a material change that Frey argued existed was Wonser's move from Mott to Alvarado. However, Frey cited several other grounds for finding a material change. Frey argued Wonser moved six times, including the move to Minnesota without his permission. She moved to Alvarado to live with her fiancé, who had two children from a previous relationship. A.H.F. remained in Mott with Frey to continue his schooling. Frey argues these facts established by testimony were sufficient to show a material change in circumstances.

[¶ 8] We have "long recognized that a move by a parent with primary residential responsibility either out-of-state or in-state, accompanied by other circumstances, may be viewed as a material change of circumstances." *State v. Neustel,* 2010 ND 216, ¶ 8, 790 N.W.2d 476. In *Neustel,* we affirmed a district court's finding a material change based on a mother's move with her daughter from her hometown, a lack of a support system in the new town, as well as the mother's involvement with several boyfriends who moved in and out of the home. *Id.* at ¶ 9. Relocation of the parent with primary residential responsibility, that parent's involvement with new partners and improvements in the noncustodial parent's situation also may constitute a material change. *Glass v. Glass,* 2011 ND 145, ¶ 13, 800 N.W.2d 691. We held in *Gietzen v. Gietzen* that a mother's move to live with a new significant other may be a material change. 1998 ND 70, ¶ 10, 575 N.W.2d 924.

[¶ 9] Here, Wonser not only moved out of state approximately four-hundred miles from Mott to Alvarado, but also left the older child in Frey's custody. Furthermore, Wonser moved in with her fiancé, who had two children of his own. Won-

ser's move from Mott to Alvarado to live with her fiancé and Frey's temporary custody of A.H.F. were important new facts which arose subsequent to the initial order granting Wonser primary residential responsibility. In the face of our cases and these facts, we conclude the district court's finding that no material change occurred was a misapplication of law and clearly erroneous.

## B

[¶ 10] Frey argues the district court erred when it found the best interests factors did not favor modification. "[I]f there has been a material change, the district court 'must decide whether a change in custody is necessary to serve the best interests of the child'" under N.D.C.C. § 14–09–06.2(1). *Vining*, 2012 ND 86, ¶ 14, 816 N.W.2d 63 (quotation omitted). The district court concluded no material change in circumstances occurred and denied Frey's motion to modify primary residential responsibility. However, the district court then stated, "Even if the Court had found a material change in circumstances, the Court in viewing the best interest of the children factors would place the children with [Wonser]." The district court provided the following analysis:

> "Both parents are equal in factor A, B, C, D (this factor is equal as the Court finds [Wonser's] fiancée, his relatives in the Grand Forks area, his children, and [Wonser's] relatives in Grand Forks equals the fact the two children have been with [Frey] since October of 2011) E, F, H (similar findings as to D) (I, J, and L not relevant)[.] K the Court finds in favor of [Wonser] setting out the factors mentioned above in D, and the Court considers the amount of time [Wonser] was the sole parent of the children during the time [Frey] was called away for duty."

[¶ 11] "Although a trial court has broad discretion in awarding primary residential responsibility, the court must consider all of the relevant factors under N.D.C.C. § 14–09–06.2(1)(a)–(m)." *Doll v. Doll*, 2011 ND 24, ¶ 8, 794 N.W.2d 425. "The court need not make separate findings for each factor, but its findings of fact must be stated with sufficient specificity to enable a reviewing court to understand the factual basis for the court's decision." *Id.* "When a district court provides no indication of the evidentiary and theoretical basis for its decision, the reviewing court is left to speculate whether factors were properly considered and the law was properly applied." *Clark v. Clark*, 2005 ND 176, ¶ 9, 704 N.W.2d 847.

[¶ 12] Here, the district court only provided analysis for factor (d), under which a court considers "[t]he sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community." N.D.C.C. § 14–09–06.2(1)(d). The district court apparently found the positive impact of Wonser's fiancé's extended family and the length of time the children resided with Frey were equivalent. The district court applied this same rationale to factors (h) and (k). However, no explanation was given for the findings for the remaining factors. The district court concluded Wonser's role as the primary caretaker during Frey's deployment on active duty tipped the scale in Wonser's favor.

[¶ 13] Given the lack of explanation for its conclusion that factors (a), (b), (c), (e) and (f) favored neither party, we are left to speculate whether the factors were properly considered. *Clark*, 2005 ND 176, ¶ 9, 704 N.W.2d 847. Therefore, having decided a material change in circumstances occurred, we remand to the

district court to explain its application of the relevant factors under N.D.C.C. § 14–09–06.2(1)(a)–(m) when determining whether modification of primary residential responsibility is necessary to serve the best interests of the children.

## III

[¶ 14] Frey argues the district court erred by modifying Frey's child support obligation based on his increased income. Frey argues the district court should not have considered the issue without a motion by Wonser. Wonser argues the district court was within its discretion when it modified Frey's child support obligation.

[¶ 15] "Parents shall give their children support and education suitable to the child's circumstances. The court may compel either or both of the parents to provide for the support of their children." N.D.C.C. § 14–09–08. "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Hoverson v. Hoverson*, 2013 ND 48, ¶ 20, 828 N.W.2d 510 (quotation omitted). "When a district court *may* do something, it is generally a matter of discretion." *Buchholz v. Buchholz*, 1999 ND 36, ¶ 11, 590 N.W.2d 215.

[¶ 16] The district court issued an interim order granting Frey temporary primary residential responsibility. In the order, the district court determined Wonser would not pay child support, Frey's child support obligations temporarily would be abated and reserved the right to reconsider child support and back child support at the final hearing. The parties had notice the issue could be reconsidered and the district court was within its discretion to modify Frey's child support obligation based on his current income.

## IV

[¶ 17] Frey argues the district court erred by not establishing a child support obligation for Wonser during the interim order when Frey had primary residential responsibility of both children. The district court did not address why Frey was not awarded child support for the interim period. "When ... the district court provides no indication of the evidentiary and theoretical basis for its decision and the basis is not otherwise ascertainable in the record, we are left to speculate whether factors were properly considered and the law was properly applied, leaving us unable to perform our appellate function." *Deyle v. Deyle*, 2012 ND 248, ¶ 20, 825 N.W.2d 245 (quotation omitted). In *Deyle*, we remanded a district court's denial of back child support for the interim period of the parties' separation due to the lack of an explanation of the denial. *Id.* at ¶ 21. As in *Deyle*, we are left to speculate whether the law was properly applied and remand for reconsideration and a reasoned explanation of the district court's ruling.

## V

[¶ 18] We reverse and remand the district court's order denying Frey's motion to modify primary residential responsibility and denying child support to Frey during the interim period. We affirm the district court's modification of Frey's child support obligation to Wonser.

[¶ 19] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.