2014 ND 208

**Christine Rasmussen HARVEY,
Plaintiff and Appellee**

v.

**Jerry HARVEY, Defendant
and Appellant.**

**No. 20140084.**

Supreme Court of North Dakota.

Nov. 12, 2014.

Leah J. duCharme, Fargo, ND, for plaintiff and appellee.

James R. Brothers, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Jerry Harvey appealed from a district court judgment granting a divorce to Christine Rasmussen Harvey, distributing the parties' marital estate, awarding her primary residential responsibility of the parties' three minor children, and denying him spousal support. We conclude the court's decision to award Christine Rasmussen Harvey primary residential responsibility is not clearly erroneous. We also conclude the court erred by failing to consider reservation of jurisdiction to award spousal support in the future. We affirm in part, reverse in part, and remand for additional findings on the issue of Jerry Harvey's disabled status.

I

[¶ 2] Jerry Harvey and Christine Rasmussen Harvey were married in 2000 and have three minor children. Prior to the marriage, Jerry Harvey had suffered inju-

ries and received a settlement from a work-related accident. The settlement was valued at approximately $1.5 million, and he currently receives Social Security disability payments. Christine Rasmussen Harvey owns and operates an insurance agency.

[¶ 3] Christine Rasmussen Harvey filed for divorce in 2012. She sought primary residential responsibility of their three children, a fair and equitable property division, and child support. Jerry Harvey counter-claimed seeking primary residential responsibility, child support, and permanent spousal support.

[¶ 4] On February 1, 2013, the district court entered a temporary order requiring the parties agree to a shared parenting plan providing equal parenting time and use of the marital residence on a rotating basis. The interim order also required Jerry Harvey to undergo a functional capacity assessment to determine the extent of his physical health and limitations.

[¶ 5] On August 6, 2013, a trial was held in the divorce proceeding. On September 24, 2013, the district court entered a divorce judgment awarding Christine Rasmussen Harvey primary residential responsibility of their children, and did not order any child support or spousal support. The court distributed the marital estate in Jerry Harvey's favor, awarding him $92,146 in assets and $25,618 in debts, and awarding Christine Rasmussen Harvey $58,329 in assets and $25,065 in debts. The order also required the sale of the marital residence, with Jerry Harvey receiving two-thirds of the net proceeds. Further dispute arose regarding the ordered sale of the marital home, and was clarified by the district court. A final order for entry of judgment was subsequently entered on January 9, 2014.

## II

[¶ 6] On appeal, Jerry Harvey argues the district court erred in awarding Christine Rasmussen Harvey primary residential responsibility of the parties' children. He contends the district court should be required to determine primary caretaker status in a close decision in addition to balancing the best interest factors. Had this primary caretaker status been determined, he argues, the record would show he was the primary caretaker and should be awarded primary residential responsibility.

[¶ 7] "This Court reviews an award of primary residential responsibility under the clearly erroneous standard of review, which does not allow us to reweigh the evidence, reassess the credibility of witnesses, or substitute our own judgment for a district court's initial decision." *Vandal v. Leno*, 2014 ND 45, ¶ 6, 843 N.W.2d 313. "A district court's decision awarding primary residential responsibility is a finding of fact which will not be set aside on appeal unless it is induced by an erroneous view of the law, no evidence exists to support it, or, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.* at ¶ 6. "A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable in close cases." *Norberg v. Norberg*, 2014 ND 90, ¶ 16, 845 N.W.2d 348.

[¶ 8] "A district court must award primary residential responsibility to the parent who will better promote the child's best interests." *Dieterle v. Dieterle*, 2013 ND 71, ¶ 6, 830 N.W.2d 571. "The court has broad discretion in deciding residential responsibility; however, the court must consider the best interest factors under N.D.C.C. § 14–09–06.2(1)." *Norberg*, 2014 ND 90, ¶ 10, 845 N.W.2d

348. "The court is not required to make specific findings on each best interest factor, but the court must consider all of the factors and make findings with sufficient specificity to enable our Court to understand the factual basis for its decision." *Id.* at ¶ 10.

■ [¶ 9] A district court is not clearly erroneous in finding neither party is the primary caretaker when evidence in the record demonstrates both parents were involved in the role of primary caretaker based on the factors. *Hogue v. Hogue,* 1998 ND 26, ¶ 17, 574 N.W.2d 579. In *Hogue,* we held the failure to determine a primary caretaker was not clearly erroneous because the trial court did not reference or determine a primary caretaker, and the record supported a finding that extensive co-parenting existed for both parties. *Id.* at ¶¶ 14–17, 20.

[¶ 10] In this case, there is evidence that both parties were jointly involved in parenting roles, with parenting roles changing based on the time of day. Jerry Harvey appeared to act as primary caretaker during the workday, while Christine Rasmussen Harvey assumed this role upon coming home. Jerry Harvey has not demonstrated he is entitled to the status over Christine Rasmussen Harvey, and the court makes a finding that both parents are fit, loving, and devoted parents. The record supports the district court's findings and those findings are not clearly erroneous in failing to find that Jerry Harvey was the primary caretaker.

[¶ 11] Jerry Harvey also argues several of the factors the court found not applicable or favoring Christine Rasmussen Harvey should have favored him, and the district court erred in not considering his status as primary caretaker within those best interest factors. In its findings of fact, conclusions of law, and order for judgment, the court considered each of the best interests of the child factors listed in N.D.C.C. § 14–09–06.2(1). The court found factors (a), (d), (f), (g), (i), (k), (*l* ), and (m) did not favor either party or were not applicable. The court found factors (b), (c), and (h) favored Christine Rasmussen Harvey as the record demonstrated her more extensive involvement in the children's education and medical care. The court found factor (e) favored Jerry Harvey as Christine Rasmussen Harvey did relatively little to foster or encourage a continuing relationship between the children and Jerry Harvey. The court found factor (j) had evidentiary support but the incidents were the result of situational stress and did not involve physical contact or bodily injury.

[¶ 12] Jerry Harvey contends factor (a), which the court found favored neither party, should have favored him based on his primary caretaker status. Factor (a) provides, "[t]he love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance." N.D.C.C. § 14–09–06.2(1)(a). The court stated, "[c]learly both Chris and Jerry are fit, loving, and devoted parents." Jerry Harvey argues his status as a stay-at-home father favors awarding factor (a) to him; however, we will not reweigh the evidence or reassess the credibility of witnesses. The district court reviewed substantial evidence and testimony at trial demonstrating both parents' active involvement in the lives of their children. There is evidence in the record to support the court's finding. The finding on this factor is not clearly erroneous.

[¶ 13] Jerry Harvey argues factors (b), (c), and (h) should favor him or otherwise be considered neutral because he conducted most of the cooking, provided the children with shelter, medical care, and a safe

environment, and both parents were involved in the children's medical and educational needs. Factor (b) states, "[t]he ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment." N.D.C.C. § 14–09–06.2(1)(b). Factor (c) states, "[t]he child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future." N.D.C.C. § 14–09–06.2(1)(c). Factor (h) states, "[t]he home, school, and community records of the child and the potential effect of any change." N.D.C.C. § 14–09–06.2(1)(h). The district court found factors (b), (c), and (h) favored Christine Rasmussen Harvey stating, "[t]he documentary record does suggest that Chris has been more involved with the children's education and medical care. In general, her role as a parent has been more balanced, and more focused on the children's developmental needs." This finding was supported by evidence submitted at trial with the submission of medical appointments, school communications, and homework records. Jerry Harvey is unable to demonstrate the court's findings under factors (b), (c), and (h) were clearly erroneous. There is evidence in the record to support the court's findings.

### III

[¶ 14] Jerry Harvey argues the district court's failure to reserve jurisdiction over the issue of spousal support was clearly erroneous. He argues the district court held an erroneous view of the law when it considered spousal support an impossibility, declined retaining jurisdiction over that issue, and considered division of the marital estate the only option to support Jerry Harvey.

[¶ 15] A court may award spousal support under N.D.C.C. § 14–05–24.1. When deciding the issue of spousal support, a court must consider the *Ruff–Fischer* guidelines, including:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Woodward v. Woodward*, 2013 ND 58, ¶ 4, 830 N.W.2d 82. *See Fischer v. Fischer*, 139 N.W.2d 845, 852 (N.D.1966); *Ruff v. Ruff*, 78 N.D. 775, 784, 52 N.W.2d 107, 111 (1952). "The court must also consider the needs of the spouse seeking support and the ability of the other spouse to pay." *Woodward*, 2013 ND 58, ¶ 4, 830 N.W.2d 82. A court is not required to make specific findings on each factor if this Court can determine the reasons for the court's decision. *Norberg v. Norberg*, 2014 ND 90, ¶ 31, 845 N.W.2d 348. "Property distribution and spousal support are interrelated and often must be considered together." *Id.* at ¶ 31.

[¶ 16] A district court's finding of spousal support is a finding of fact subject to review under the clearly erroneous standard, and is clearly erroneous if it is induced by an erroneous view of the law, no evidence exists to support the finding, or this Court is convinced, based on the entire record, a mistake has been made. *Woodward*, 2013 ND 58, ¶ 5, 830 N.W.2d 82.

[¶ 17] In reserving jurisdiction over spousal support, this Court has stated that "if [a trial court] find[s] no immediate need for awarding permanent spousal support, they should retain jurisdiction to do

so beyond a temporary award, when facing uncertainty about the need for permanent support." *van Oosting v. van Oosting,* 521 N.W.2d 93, 101 (N.D.1994). In *van Oosting,* we reversed a temporary spousal support award for one year to a party with multiple sclerosis with no additional support. *Id.* at 100. This Court emphasized the importance of the "health and physical condition of the parties" in making a determination of spousal support, and found the award of temporary rehabilitative support was clearly erroneous. *Id.* at 100–01. Reservation of jurisdiction is appropriate where "one spouse was *disabled,* [that spouse] *had a lower income than the other spouse,* and had a *slim chance of substantially increasing her income.*" *Norberg,* 2014 ND 90, ¶ 35, 845 N.W.2d 348 (citing *Reineke v. Reineke,* 2003 ND 167, ¶ 23, 670 N.W.2d 841) (emphasis added). In *Norberg,* this Court found a definite and firm conviction the district court erred in not retaining jurisdiction when a spouse had no present ability to pay spousal support, but the financial situation of the non-disabled spouse may improve while the financial situation of the disabled spouse will not. *Norberg,* 2014 ND 90, ¶¶ 36–37, 845 N.W.2d 348.

[¶ 18] In this case, the district court considered spousal support and division of the marital estate jointly. The court made findings based on the *Ruff–Fischer* guidelines and divided the marital estate at roughly two-thirds share to Jerry Harvey and one-third share to Christine Rasmussen Harvey with no award of spousal support. The findings also establish Christine Rasmussen Harvey's gross annual income is upwards of $41,000. Jerry Harvey's monthly income at $782 per month or $9,384 per year is in the form of Social Security Disability benefits, in addition to $148 per month for each child in Social Security Disability Beneficiary payments. The issue of child support payments and Jerry Harvey's retention of any Social Security Disability payments for the benefit of his children is not raised on appeal.

[¶ 19] The district court made findings as to Jerry Harvey's disabled status stating:

> For purposes of social security disability benefits, Jerry has been deemed to be fully disabled at all times since [1995] ... Whether Jerry is capable of gainful employment was a focus of much attention at trial. In many respects, his physical limitations are profound ... it is obvious that Jerry will have great difficulty supporting himself based on this very limited income ... In the future, Jerry may find employment that will increase his income, and provide for an improved standard of living. At this time, however, there is nothing in the record that makes this scenario probable. Similarly, it is not reasonable to impute income to Jerry.

The district court also found a "substantial disparity" existed between the parties' income in stating, "Chris's full income is a highly controverted issue ... Based on the existing record, it is very difficult to make any precise determinations regarding Chris's total income. There are multiple indications, however, that it is higher than she claims." The district court also found "[a]lthough Jerry could certainly use additional income, it is simply not realistic to conclude Chris has the ability to pay spousal support ... Because spousal support is not found to be realistic, the only option is to award Jerry a disproportionate share of the assets."

[¶ 20] If Jerry Harvey is considered disabled, the facts would appear to require reservation of jurisdiction on the issue of spousal support because he has a substantially lower income, has no foreseeable ability to increase his income due

to his disabilities, has potential need for support in the future, and Christine Rasmussen Harvey has a greater ability to pay support in the future. We conclude the district court's denial of Jerry Harvey's request for spousal support without considering retaining jurisdiction to award spousal support in the future is clearly erroneous. We remand with directions to the district court to make further findings as to Jerry Harvey's disabled status and retaining jurisdiction to potentially order spousal support in the future if circumstances warrant an award. The district court may consider modification of the marital estate's property division in light of any modification of spousal support.

## IV

[¶ 21] We affirm the district court's order granting Christine Rasmussen Harvey primary residential responsibility. The district court erred in failing to consider reservation of jurisdiction to award spousal support in the future, and we reverse that portion of the judgment and remand for additional findings on that issue.

[¶ 22] CAROL RONNING KAPSNER, and LISA FAIR McEVERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.

CROTHERS, Justice, specially concurring.

[¶ 23] I concur in the result. I write separately with concern about talk of a "primary caretaker" doctrine that may be used to augment North Dakota's statutory best interest factors, and because the majority opinion could be read as requiring spousal support as a matter of law.

[¶ 24] Jerry Harvey argues he was the primary caretaker and the district court erred in failing to recognize him as such. He further argues his status as the pri-

mary caretaker was the "tie-breaker" and the district court erred in not awarding him primary residential responsibility of the children. The majority does not directly address Jerry Harvey's primary caretaker argument. Majority opinion at ¶¶ 9–10. I respectfully disagree that "primary caretaker" is or should be a status, factor or even consideration that independently amplifies or diminishes the best interest factors under N.D.C.C. § 14–09–06.2(1).

[¶ 25] The first reported North Dakota Supreme Court discussion of a primary caretaker is in *Gravning v. Gravning*, 389 N.W.2d 621 (N.D.1986). There, the Court discussed but did not adopt recognition of a primary caretaker status, explaining:

> "Some courts have made the 'primary caretaker' factor into a presumptive rule, *see Pikula v. Pikula*, 374 N.W.2d 705 (Minn.1985), but in North Dakota the concept inheres in the statutory factors and has not yet been accorded elevated status. '[T]he observed fact that mothers of infants are most often better able to care for them than the fathers are ... is only one of the many considerations to be weighed by the trial court in making its finding as to the best interest of the child, and to be considered by us in determining whether the finding was clearly erroneous.' *Odegard v. Odegard*, 259 N.W.2d [484, 486 (N.D. 1977) ].
>
> "In North Dakota, parents 'have equal rights' as to the 'care, custody, education, and control' of their minor children; § 14–09–06, N.D.C.C. (1985 Supp.). 'Between the mother and father ... there is no presumption as to who will better promote the best interests and welfare of the child;' § 14–09–06.1, N.D.C.C."

*Gravning*, at 622.

[¶ 26] Although primary caretaker has been referred to as a "factor" in decisions

like *Gravning,* 389 N.W.2d at 622; *Schneider v. Livingston,* 543 N.W.2d 228, 230 (N.D.1996); and *DesLauriers v. Des-Lauriers,* 2002 ND 66, ¶ 8, 642 N.W.2d 892, the vast majority of North Dakota references use the phrase as a general descriptive term for the parent who most often provides direct care and supervision of a child. *See, e.g., Wald v. Holmes,* 2013 ND 212, ¶ 17, 839 N.W.2d 820; *Frey v. Frey,* 2013 ND 100, ¶ 12, 831 N.W.2d 753. The general use of the phrase is acceptable, and is in keeping with the holding in *Gravning* that the concept of a primary caretaker was inherent in many of the statutory factors. 389 N.W.2d at 622. However, creation of a best interest factor that adds to the legislative list in N.D.C.C. § 14–09–06.2(1) would be an improper judicial initiative. *See Little v. Tracy,* 497 N.W.2d 700, 705 (N.D.1993) ("It must be presumed that the Legislature intended all that it said, and that it said all that it intended to say.") (quoting *City of Dickinson v. Thress,* 69 N.D. 748, 755, 290 N.W. 653, 657 (1940)).

[¶ 27] Regarding spousal support, I agree the question should be remanded for district court findings on whether any form of spousal support is warranted based on our established law regarding need and ability to pay. Majority opinion at ¶ 20. However, to the extent the majority opinion suggests spousal support is required as a matter of law, I respectfully disagree. *See* Majority opinion at ¶ 20 ("[T]he facts would appear to require reservation of jurisdiction on the issue of spousal support because he has a substantially lower income, has no foreseeable ability to increase his income due to his disabilities, has potential need for support in the future, and Christine Rasmussen Harvey has a greater ability to pay support in the future."). Rather than address the issue with our judicial thumb on the scale, I would simply remand for findings under the law.

[¶ 28]  DANIEL J. CROTHERS