2017 ND 170

**Paul SCHAFFNER, Plaintiff and Appellant**

v.

**Teresa SCHAFFNER, Defendant and Appellee**

**No. 20170044**

Supreme Court of North Dakota.

Filed 7/12/2017

Paul J. Schaffner, self-represented, Mandan, N.D., plaintiff and appellant.

Scott A. Hager, Bismarck, N.D., for defendant and appellee.

Tufte, Justice.

[¶ 1] Paul Schaffner appeals a district court order denying his petition to modify his parenting time from supervised visitation to unsupervised. The district court denied his petition after finding Schaffner failed to show a material change in circumstances had occurred since the previous order establishing his parenting time. We affirm, concluding the district court's findings were not clearly erroneous.

I

[¶ 2] Paul Schaffner and Teresa Schaffner ("Hanson") have one child, N.S., who was born in 2002. In 2012, they divorced, and a district court awarded Hanson primary residential responsibility for N.S. Hanson also received a domestic violence protection order against Schaffner. In an interlocutory order, the court restricted Schaffner's parenting time with N.S. to supervised visitation and appointed a parenting coordinator to facilitate reunification between Schaffner and his child.

[¶ 3] In 2013, Schaffner sought to modify his parenting time from supervised visitation to unsupervised. The district court found, however, that between 2012 and 2013, Schaffner had intimidated the parenting coordinator, resulting in her withdrawal from the case. The court also found Schaffner's conduct resulted in a second appointed parenting coordinator withdrawing from the case. It denied Schaffner's petition to modify his parenting time.

[¶ 4] In 2014, Schaffner again petitioned the court to modify his parenting time. He argued he was not a danger to his child in part by submitting evidence showing he had completed a domestic violence treatment program. The district court denied Schaffner's petition, finding his treatment did not constitute a material change in circumstances. The court also found supervised visitation served N.S.'s best interests. Schaffner did not appeal the decision.

[¶ 5] In 2016, Schaffner, acting pro se, petitioned the court for a third time to

modify his parenting time. He argued his new employment as a teacher constituted a material change in circumstances. He also asked the court to remove the domestic violence protection order against him, but he withdrew his request after the court explained he would need to file a motion in the domestic violence case, not the custody case. The district court denied his petition on January 4, 2017, finding that his new employment, while an accomplishment, did not convince the court that a material change in circumstances had occurred since the previous order.

[¶ 6] Schaffner moved the court for additional findings and a new trial, and the district court denied his motion on January 24, 2017. He appealed, including in his notice of appeal a preliminary statement of issues that encompassed both the January 4 and January 24 orders. During oral argument, Schaffner clarified that his issue on appeal was whether the district court clearly erred in its January 4 order by finding his new employment did not constitute a material change in circumstances.

## II

[¶ 7] The first issue presented to us is whether Schaffner's appeal is properly before this Court. Hanson argues Schaffner's appeal is improper because his notice of appeal referenced the order denying his Rule 52(b), N.D.R.Civ.P. motion, which is not an appealable order. *Ellendale Farmers Union Co-op v. Davis*, 219 N.W.2d 829, 831 (N.D. 1974). Schaffner's notice of appeal purports to appeal an order dated January 26, 2017, which matches neither order, and encompasses issues relating to both the January 4 and January 24 orders. We treat court orders as final judgments if the district court intended the order to be a final judgment. *Austin v. Towne*, 1997 ND 59, ¶ 7, 560 N.W.2d 895. The district court's January 4 order was clearly intend-

ed to be final, and accordingly it is appealable under N.D.C.C. § 28-27-02. We conclude Schaffner's appeal is properly before us and turn to the merits of his appeal.

## III

[¶ 8] The second issue is whether the district court clearly erred by finding Schaffner's new employment did not constitute a material change in circumstances. We review a district court's findings of fact under the clearly erroneous standard. *Hoverson v. Hoverson*, 2015 ND 38, ¶ 6, 859 N.W.2d 390. A finding of fact is clearly erroneous if (1) "it is induced by an erroneous view of the law," (2) "if no evidence exists to support the finding," or (3) "if, on the entire record, we are left with a definite and firm conviction the trial court made a mistake." *Id.*

[¶ 9] A district court may impose supervised parenting time under N.D.C.C. § 14-05-22 when evidence shows the parent is likely a danger to the child's physical or emotional health. When a parent petitions the court to modify parenting time, our modification standard is similar to our standard for modifying primary residential responsibility: "To modify parenting time, the moving party must demonstrate a material change in circumstances has occurred since entry of the previous parenting time order and that the modification is in the best interests of the child." *O'Hara v. Schneider*, 2017 ND 53, ¶ 6, 890 N.W.2d 831. "A material change in circumstances is an important new fact that was unknown at the time of the prior custody decision." *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331.

[¶ 10] The district court found that while Schaffner's new employment benefitted him personally, it did not constitute a material change in circumstances in the context of whether he endangered his child's physical or emotional health.

Schaffner argues the court clearly erred, because his new employment provides him increased stability and allows for more parenting time. The district court agreed that his new employment is a positive change for Schaffner, but found it was not a material change in circumstances. We agree. The basis of the previous order upholding Schaffner's supervised parenting time was in part that he had not convinced the court he had successfully treated the issues that led to his pattern of intimidating behavior. The court found that there was a protection order still in place and that Schaffner had presented no admissible evidence that he was working with any specific counselor to address any remaining anger issues. Acknowledging that Schaffner's new employment allows him more time to spend with N.S. and provides a more stable routine for him, the district court found no link between the employment change and the reasons for the restriction to supervised visitation. No other factual circumstances had significantly changed since the prior judgment. We thus conclude it was not clear error to find there was no change in circumstances material to the issue of supervised parenting time. We defer to the district court's weighing of the evidence and assessment of witness credibility. *Dieterle v. Dieterle*, 2013 ND 71, ¶ 6, 830 N.W.2d 571. The district court's findings are supported by the record. Because there was no material change in circumstances, we do not reach his claims regarding the court's findings on the best interests factors.

[¶ 11] Schaffner also asks us to reconsider findings from previous orders issued in 2013 and 2015. The time for appeal of those orders expired long before Schaffner filed notice of this appeal, and thus these issues are waived.

## IV

[¶ 12] We affirm, concluding the district court's findings are not clearly erroneous.

[¶ 13] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.