# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 78

Henry C. Fietzek, Jr.,                    Plaintiff, Appellee and Cross-Appellant

v.

Victoria J. Fietzek,                    Defendant, Appellant and Cross-Appellee

## No. 20220236

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers, Tufte, and Bahr joined. Justice McEvers filed an opinion concurring and dissenting.

Steven T. Ottmar, Jamestown, ND, for plaintiff, appellee and cross-appellant.

Pamela F. Coleman, Grand Forks, ND, for defendant, appellant and cross-appellee.

**Jensen, Chief Justice.**

[¶1] Victoria Fietzek and Henry Fietzek cross-appeal from a divorce judgment. Victoria Fietzek asserts the district court erred in its *Ruff-Fischer* analysis, the distribution of the marital estate, the valuation of the assets, finding Henry Fietzek did not commit economic waste, the limited duration of spousal support, and in not awarding attorney's fees to her. Henry Fietzek asserts the district court erred in the duration and amount of spousal support awarded to Victoria Fietzek. We affirm the district court's *Ruff-Fischer* analysis, the court's findings of fact in regard to the equitable distribution of the martial estate, the court's finding that Henry Fietzek did not commit economic waste, and the court's denial of attorney's fees. We reverse the order for spousal support and remand for the district court to make additional findings regarding spousal support and, if necessary, reconsider the allocation of property.

I

[¶2] Henry Fietzek and Victoria Fietzek were married on December 28, 1976. The parties have four children together. Henry Fietzek served Victoria Fietzek with the summons and complaint on December 7, 2020 and the parties have agreed to use the date of service as the valuation date for valuing their assets and debts. Following a bench trial, the district court entered Findings of Facts, Conclusions of Law, and an Order for Judgment, distributing the marital estate, denying Victoria Fietzek's request for attorney's fees, and awarding Victoria Fietzek spousal support.

II

[¶3] Victoria Fietzek argues the district court erred in its *Ruff-Fischer* analysis. The *Ruff-Fischer* guidelines require the court to consider:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of

each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. The trial court is not required to make specific findings, but it must specify a rationale for its determination.

*Hitz v. Hitz*, 2008 ND 58, ¶ 11, 746 N.W.2d 732. We review a district court's findings of fact under the clearly erroneous standard. *Lorenz v. Lorenz*, 2007 ND 49, ¶ 5, 729 N.W.2d 692. "A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, there is no evidence to support it, or when, although there is some evidence to support it, after a review of the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made." *Hitz*, at ¶ 10. We presume the district court's findings are correct. *Lorenz*, at ¶ 5.

[¶4] Victoria Fietzek asserts the district court erred in placing little or no weight on her allegations of Henry Fietzek's bad conduct. During trial, Victoria Fietzek testified that Henry Fietzek may have been involved in an extra-marital affair during the marriage. The court found there was no credible evidence presented that Henry Fietzek spent any funds on a third party during the marriage or that the alleged affair caused the end of the marriage. There was also testimony Henry Fietzek treated Victoria Fietzek poorly during the marriage. The court found the testimony was not credible. "[T]his Court will not second-guess a district court's credibility determinations." *Orwig v. Orwig*, 2021 ND 33, ¶ 22, 955 N.W.2d 34. The district court's findings that Henry Fietzek did not engage in bad conduct during the marriage are not clearly erroneous because the court did not err in regard to the law, there is evidence in the record to support the findings, and we are not left with a definite and firm conviction a mistake has been made.

[¶5] Victoria Fietzek further argues the district court erred in finding she was underemployed and finding the earning ability of the parties is neutral. Victoria Fietzek testified she knew that by working only part-time she was limiting her future social security benefits. Moreover, Henry Fietzek testified he was retired and Victoria Fietzek testified she would be retiring soon. There

is evidence in the record to support the court's findings, the court did not err in the law and we are not left with a definite and firm conviction a mistake has been made.

## III

[¶6] Victoria Fietzek argues the district court erred in the equitable distribution of the marital estate. She asserts the court erred in its valuation of the farmland/farmstead, valuation of the condominium, and the valuation of the vehicles and other miscellaneous items.

> This Court will not reverse a district court's findings on valuation of marital property unless they are clearly erroneous. *Corbett v. Corbett*, 2001 ND 113, ¶ 12, 628 N.W.2d 312. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made." *Kautzman v. Kautzman*, 1998 ND 192, ¶ 8, 585 N.W.2d 561. "A choice between two permissible views of the evidence is not clearly erroneous if the [district] court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." *Hoverson v. Hoverson*, 2001 ND 124, ¶ 13, 629 N.W.2d 573. The value a district court places on marital property depends on the evidence presented by the parties. *Fox v. Fox*, 2001 ND 88, ¶ 22, 626 N.W.2d 660. This Court presumes a district court's property valuations are correct. *Hoverson*, at ¶ 13.

*Lee v. Lee*, 2019 ND 142, ¶ 6, 927 N.W.2d 104.

[¶7] The district court accepted the values provided by Henry Fietzek for the farmland/farmstead, the condominium, the vehicles, and other miscellaneous items. "A trial court may accept the valuations submitted by one party, or weigh one party's value testimony more heavily." *Peterson v. Peterson*, 1999 ND 191, ¶ 14, 600 N.W.2d 851. A court's finding on a valuation of real property is not clearly erroneous if it is within the range of evidence presented. *Hitz*, 2008 ND 58, ¶ 13. The court's valuations of the farmland/farmstead, the condominium, the vehicles, and other miscellaneous items are supported by the record and

3

are within the range of evidence presented. There is evidence in the record to support the court's valuations, the court did not err in the law, and we are not left with a definite and firm conviction a mistake has been made.

IV

[¶8]   Victoria Fietzek argues the district court erred in finding Henry Fietzek did not commit economic waste. Victoria Fietzek asserts Henry Fietzek committed economic waste when he transferred his interest in the farmland/farmstead to his and Victoria Fietzek's children and when he used the proceeds of the sale of the martial home to purchase other assets and pay off debts.

[¶9]   A district court's finding of economic fault is a finding of fact subject to the clearly erroneous standard. *Conzemius v. Conzemius*, 2014 ND 5, ¶ 22, 841 N.W.2d 716. "Economic misconduct is misconduct that results in a wasted asset or in the reduction of the net marital estate." *Hoverson*, 2001 ND 124, ¶ 24. "A majority of this Court has never agreed that financial mismanagement, without more, constitutes economic fault." *Id*. at ¶ 23.

[¶10] Evidence was presented that Henry Fietzek transferred his interest in the farmland/farmstead to his children in 2016 for estate planning purposes, and well before the divorce proceedings were initiated. Henry Fietzek further testified in detail what he spent the proceeds of the sale of the martial home on and outlined what debts he paid off and what assets he purchased. The district court found Henry Fietzek's testimony more credible and found Henry Fietzek did not commit economic waste. *See Barth v. Barth*, 1999 ND 91, ¶ 13, 593 N.W.2d 359 ("A choice between two permissible views of conflicting evidence is not clearly erroneous."). There is evidence in the record to support the court's finding, the court did not err in the law, and we are not left with a definite and firm conviction a mistake has been made.

V

[¶11] Victoria Fietzek asserts the district court erred in denying her an award of attorney's fees. A court has broad discretion to award attorney's fees in

4

divorce proceedings. *Lewis v. Smart*, 2017 ND 214, ¶ 32, 900 N.W.2d 812. The standard governing an award of attorney's fees is consideration of one spouse's needs and the other spouse's ability to pay. *Id.* "Additional considerations may include 'whether one party's conduct has unreasonably increased the time spent on the case, the property each party owns, whether liquid or fixed, and the parties' relative incomes.'" *Fercho v. Fercho*, 2022 ND 214, ¶ 37, 982 N.W.2d 540 (quoting *Gustafson v. Gustafson*, 2008 ND 233, ¶ 14, 758 N.W.2d 895).

[¶12] The district court considered the property each party owns, the balances of each parties' bank accounts, and the state of their debt in determining Victoria Fietzek should not be awarded attorney's fees. The court's determination was not arbitrary, unconscionable, unreasonable, and was not the result of an irrational mental process. The court did not abuse its discretion in denying attorney's fees to Victoria Fietzek.

VI

[¶13] Victoria Fietzek argues the district court erred in awarding her spousal support for only 10 years, asserting 15 years is the proper duration. Henry Fietzek argues the court erred in awarding Victoria Fietzek spousal support because the court erred in finding Victoria Fietzek has a need, Henry Fietzek has the ability to pay, and erred in awarding spousal support for 10 years.

> This Court reviews an award of spousal support as a finding of fact subject to the clearly erroneous standard of review. *Willprecht v. Willprecht*, 2021 ND 17, ¶ 7, 954 N.W.2d 707. Section 14-05-24.1(1), N.D.C.C., provides that a court may require a party to pay spousal support for a limited period of time. An analysis of the *Ruff-Fischer* factors is also required. *Berdahl* [*v. Berdahl*], 2022 ND 136, ¶ 7, 977 N.W.2d 294. "[T]he *Ruff-Fischer* guidelines allow a district court to consider the parties' conduct during the marriage, including fault." *Swanson* [*v. Swanson*], 2019 ND 25, ¶ 12, 921 N.W.2d 666. "[B]oth economic and noneconomic fault are proper factors for the trial court to consider[.]" *Hitz*, 2008 ND 58, ¶ 15, 746 N.W.2d 732 (quoting *McDowell v. McDowell*, 2001 ND 176, ¶ 6, 635 N.W.2d 139). "Economic misconduct is misconduct that results in a wasted

5

asset or in the reduction of the net marital estate." *Swanson*, at ¶ 12.

*Kitzan v. Kitzan*, 2023 ND 23, ¶ 17, 985 N.W.2d 717. In determining spousal support the court must determine whether the spouse seeking spousal support has a need and whether the other spouse has an ability to pay. *Berdahl*, 2022 ND 136, ¶ 25.

[¶14] Victoria Fietzek argues the district court erred in awarding spousal support for only 10 years when the court should have awarded it for 15 years. The court explained it applied the actuarial tables and Henry Fietzek's age along with the potential pension payments Victoria Fietzek might receive upon Henry Fietzek's death to determine 10 years was the appropriate duration. We are not left with a definite and firm conviction a mistake has been made as to the duration of spousal support.

[¶15] Henry Fietzek argues the district court erred in determining Victoria Fietzek has a need. The court found Victoria Fietzek is in need of spousal support, concluding she would be in a deficit of $1,495.00 a month. Victoria Fietzek testified her monthly expenses are $2,933.00, and her expected income from social security would be $1,438.00, putting Victoria Fietzek in a deficit of $1,495.00. The record supports the district court's conclusion that Victoria Fietzek has a need and this finding is not clearly erroneous.

[¶16] The district court also found Henry Fietzek has the ability to pay $1,000.00 per month for a period of 10 years. However, the evidence does not support the court's findings about Henry Fietzek's monthly income and his ability to pay. The court found Henry Fietzek has the ability to pay by concluding he could pursue refinancing some or all of his debt over a longer term to reduce his monthly payments. The court did not articulate which debt could be refinanced and how it could be refinanced in order for Henry Fietzek to have the ability to pay. The court found Henry Fietzek had monthly expenses of $5,723.00 and a monthly income of $5,580.61. The court's calculation of Henry Feitzek's monthly income seems to be slightly incorrect. The record provides Henry Fietzek receives $2,491.00 in social security payments and thus Henry Fietzek's total monthly income is $5,610.61. Henry Fietzek,

therefore, has a surplus each month of $30.00. The district court found that Henry Fietzek had inflated expenses:

> Henry's budget includes $250 per month for vehicle repairs, yet his vehicle was manufactured in 2020 and is, presumably, still under warranty. Henry's budget also includes $300 for recreation and $200 for gifts. He also lists a monthly payment of $1,941 to creditors. Much of the debt that he is paying off is for the 2020 GMC Yukon, which will be paid off in a few years. Henry could pursue refinancing some or all of his debt over a longer term to reduce his monthly payments. With these facts in mind, the court finds that Henry does have the ability to pay spousal support.

However, even with the referenced inflated expenses deducted from Henry Fietzek's budget, a $1,000.00 a month spousal support payment would still leave him with a monthly deficit. While it may be possible for Henry Fietzek to restructure the existing debt, the record does not include any evidence confirming the debt could be restructured, how the restructure could be accomplished, or if the restructuring would increase the debt. The district court has not provided this Court with a calculation of how Henry Fietzek can meet his monthly obligations and pay the ordered spousal support payment. We conclude the district court failed to make sufficient findings that Henry Fietzek has the ability to pay and remand.

## VII

[¶17] We have frequently noted "property division and spousal support are both interrelated and intertwined, and must be considered together." *Kaspari v. Kaspari*, 2022 ND 204, ¶ 16, 982 N.W.2d 291. *See also Berg v. Berg*, 2018 ND 79, ¶ 9, 908 N.W.2d 705. Although we affirm all of the findings of fact related to the distribution of the marital estate, we leave open the property distribution on remand in the event that after review of spousal support the district court determines a different allocation is appropriate.

## VIII

[¶18] The district court's *Ruff-Fischer* analysis, distribution of the marital estate, and finding that Henry Fietzek did not commit economic waste was not

7

clearly erroneous. The court's denial of attorney's fees was not an abuse of discretion. The court's findings Henry Fietzek's ability to pay for spousal support were clearly erroneous or insufficient. We have considered the parties' remaining arguments and conclude they are without merit or not necessary to our decision. We affirm the judgment in part, reverse the district court's spousal support award, and remand for further proceedings consistent with this opinion.

[¶19]Jon J. Jensen, C.J.
    Daniel J. Crothers
    Jerod E. Tufte
    Douglas A. Bahr

**McEvers, Justice, concurring and dissenting.**

[¶20] I agree with and concur with the majority in Sections I, II, III, IV, V, and VII. I also agree with the majority's analysis on the length of spousal support and Victoria Fietzek's need for spousal support in Section VI. Majority, at ¶¶ 14-15.

[¶21] I respectfully dissent to that portion of Section VI regarding Henry Fietzek's ability to pay. A court may award spousal support for a limited period of time under N.D.C.C. § 14-05-24.1, taking into consideration the circumstances of the parties. An award of spousal support is a finding of fact that will not be set aside unless it is clearly erroneous. *Becker v. Becker*, 2011 ND 107, ¶ 27, 799 N.W.2d 53. When deciding whether spousal support is appropriate, a court must consider the *Ruff-Fischer* guidelines. *Woodward v. Woodward*, 2013 ND 58, ¶ 4, 830 N.W.2d 82. The district court must consider the needs of the spouse seeking support and the ability of the other spouse to pay. *Id.* Whether a spouse has the ability to pay is a finding of fact subject to the clearly erroneous standard of review. *See Fercho v. Fercho,* 2022 ND 214, ¶ 36, 982 N.W.2d 540 (holding district court's findings on ability to pay were not clearly erroneous). "The court is not required to make specific findings on each factor if we can determine the reasons for the court's decision." *Norberg v. Norberg*, 2014 ND 90, ¶ 31, 845 N.W.2d 348. While I agree the district court's

findings could have been more detailed, I am able to determine the reasons for the district court's decision as explained below.

[¶22] The district court analyzed the *Ruff-Fischer* guidelines and considered Victoria Fietzek's needs versus Henry Fietzek's ability to pay. The district court found Henry Fietzek had a monthly income of $5,580.61. This amount is supported by the record. On cross-examination, Henry Fietzek admitted that his social security income was $2,461.00 per month, his pension was $715.36 per month, and his half of the farm income was $28,851.00 per year ($2,404.00 per month), which totals almost exactly the court's finding. As pointed out in the majority, the court's finding appears to be a little low in that Henry Fietzek's social security payments are actually $30.00 per month higher than he testified. Majority, at ¶ 16.

[¶23] I disagree with the majority that the district court found Henry Fietzek had monthly expenses of $5,723.00. Majority, at ¶ 16. The district court acknowledged Henry Fietzek alleged he had monthly expenses of $5,723.00, but the court disagreed with this amount because his budget included expenses that were not justified. For example, as noted by the majority, the district court found a number of Henry Fietzek's expenses were not justified: (1) his budget was high at $250.00 per month for vehicle repairs when his vehicle was a 2020 model and likely under warranty; (2) his budget was high at $300.00 per month for recreation; and (3) his budget was high at $200.00 per month for gifts. I concede that the articulated reductions of alleged expenses alone were not enough to show with mathematical certainty an ability to pay the spousal support without considering refinancing or making payments over a longer term to bring his monthly expenses down. While a court must adequately explain the basis for its decision, we will not reverse a district court's decision when valid reasons are discernable, either by deduction or inference. *Pearson v. Pearson,* 2009 ND 154, ¶ 13, 771 N.W.2d 288. The court's decision between two permissible views of conflicting evidence is not clearly erroneous. *Id.* at ¶ 10.

[¶24] In looking at Henry Fietzek's listed unpaid debts and monthly payments, the evidence in the record supports the court's findings and decision to award

9

spousal support. Henry Fietzek claimed he had $1,941.00 in monthly debt payments. This allegation is based on three items: (1) a balance of $15,701.98 on his Cabela's credit card with a monthly payment of $1,250.00; (2) a balance of $3,689.00 on a TSC credit card with a monthly payment of $81.00; and (3) a balance of $29,701.24 on his Yukon loan with a monthly payment of $610.00. The district court found only $11,746.19 of Henry Fietzek's credit card debt to be valid marital debt. Looking only at the exhibit documenting Henry Fietzek's monthly statement at Cabela's, the minimum payment due was $214.00, not the $1,250.00 alleged. While the district court did not make a specific finding, it is implicit in the court's findings that it did not agree with either the amounts Henry Fietzek listed as owing to his creditors or that he needed to pay $1,941.00 in monthly expenses for this debt. The reduction of his Cabela's payment alone would be nearly enough to pay the spousal support awarded.

[¶25] In addition to what the district court cited as inflated expenses, Henry Fietzek has other expenses that appear inflated. His food budget of $500.00 per month is twice Victoria Fietzek's budget; his streaming services expense of $65.00 per month is unnecessary and no such expense is reflected in her monthly budget; and his rental campsite fees of $125.00 per month is a luxury not afforded to her. Based on the record, I can understand why the district court found Henry Fietzek had the ability to pay. I would affirm.

[¶26] Lisa Fair McEvers

10