2017 ND 144

IN the INTEREST OF R.W.B.C.,
a minor child, by his
presumed father

Richard W. Colling, Plaintiff
and Appellant

v.

Adrienne Kay Behrens, Defendant
and Appellee

No. 20160300

Supreme Court of North Dakota.

Filed 6/7/2017

Suzanne M. Schweigert, Bismarck, N.D., for plaintiff and appellant.

Theresa L. Kellington, Bismarck, N.D., for defendant and appellee.

Tufte, Justice.

[¶ 1] Richard Colling appeals a district court judgment awarding Adrienne Behrens primary residential responsibility of their child, R.W.B.C. We affirm, concluding the record supports the district court's findings.

I

[¶ 2] Colling and Behrens dated from 2012 until 2014, and their son, R.W.B.C., was born in 2013. In 2014, Colling sought primary residential responsibility, and two years of contentious litigation followed. Each parent alleged the other parent had committed domestic abuse and frequently used drugs. An interim order awarded temporary custody to Colling after the district court received evidence showing, among other things, that R.W.B.C. was born with methamphetamine in his system. Subsequently, the court held a trial in June 2016.

[¶ 3] After a two-day evidentiary hearing, the district court awarded primary residential responsibility to Behrens. The court concluded that only one factor under N.D.C.C. § 14–09–06.2 favored Behrens, with the rest of the factors favoring neither parent. In reaching this conclusion, the court's findings included the following: (1) between the time of the interim order and trial, Behrens underwent significant treatment for her addictions and remained sober; and (2) Colling's testimony was not credible, and Behrens was "more believable." The court found "[Behrens], without a doubt, created a more complete positive picture of her present position, likelihood of success, and degree of strengths as a parent than [Colling]."

[¶ 4] Colling appeals. He argues the district court's findings relating to best interests factors (j), (d), and (f) were clearly erroneous. He also argues the district court judge had a duty to disclose his involvement in an earlier case in which Behrens was a party.

## II

[¶ 5] The first issue is whether the district court erred by awarding primary residential responsibility to Behrens. In exercising discretion to award primary residential responsibility, district courts must weigh the best interests factors under N.D.C.C. § 14–09–06.2(1). We review a district court's factual findings relating to these factors under our clearly erroneous standard. *Dieterle v. Dieterle*, 2013 ND 71, ¶ 6, 830 N.W.2d 571. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made." *Wolt v. Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786.

[¶ 6] Colling argues the district court clearly erred in its findings relating to factors (j), (d), and (f). Factor (j), the domestic violence factor, is the dominant factor in cases involving alleged domestic violence. *O'Hara v. Schneider*, 2017 ND 53, ¶ 21, 890 N.W.2d 831. We thus begin by analyzing whether the district court clearly erred in finding Behrens did not commit domestic violence against Colling. Under § 14–09–06.2(1)(j), district courts must determine whether domestic violence has occurred and, if so, whether the evidence rises to a level that triggers the rebuttable presumption.

[¶ 7] Colling testified to three separate incidents in which Behrens allegedly committed domestic violence against him. One of these incidents resulted in an assault charge, to which she pled guilty. The district court found of Colling's allegations that (1) he lacked credibility and his version of events stretched believability and that (2) evidence provided by him to prove domestic violence was "staged and theatrical." Behrens had denied committing domestic violence, claiming she pled guilty to simple assault to move on with her life, and the district court found this persuasive.

[¶ 8] Colling argues on appeal that the district court clearly erred in finding that none of the three domestic violence incidents occurred. Many of his arguments ask us to "reweigh the evidence" and "reassess the credibility of the witnesses," which we will not do. *Dieterle*, 2013 ND 71, ¶ 6, 830 N.W.2d 571.

[¶ 9] Colling contends the district court erred by disregarding Behrens's guilty plea to simple assault, but he does not argue a guilty plea should be automatically construed as a finding of domestic violence under § 14–09–06.2(1)(j). Section 14–09–06.2(1)(j) asks district courts to (1) consider credible evidence of domestic violence; (2) issue findings on whether domestic violence has occurred; and then, if there is a finding of domestic violence, (3) determine whether the domestic violence triggers the presumption. The statutory language plainly asks the court to make a finding, not to presume domestic violence solely because of a prior conviction that stemmed from a guilty plea rather than a factfinder. To be sure, a criminal conviction entered on a guilty plea ordinarily will be sufficient by itself to support a finding that domestic violence has occurred. To persuade a factfinder otherwise is a heavy burden. On this particular record, however, we cannot say we are left with a definite and firm conviction that the district court made a mistake in considering Behrens's guilty plea but finding no domestic

violence under factor (j). In attempting to prove the incident to which Behrens had pleaded guilty, Colling submitted evidence the district court viewed as "staged and theatrical." The court considered this to have "significantly undermine[d]" Colling's credibility. The record as a whole contains sufficient evidence supporting the district court's finding that Behrens did not commit domestic violence against Colling. We conclude the district court did not clearly err in its findings related to factor (j).

[¶ 10] We next turn to Colling's arguments relating to factors (d) and (f). Section 14–09–06.2(1)(d) asks courts to consider the "sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community." The district court found factor (d) favored Behrens because she is college-educated and lives with her family, who the district court found provides tremendous support. Colling argues the court overlooked testimony that his immediate family lives nearby and offers support, but this is an incorrect interpretation of the district court's findings. The district court merely found Behrens's family provides more support, not that Colling's family provides no support. Colling's additional arguments ask us to reweigh the evidence and reassess credibility, which we will not do. The record supports the district court's findings relating to factor (d).

[¶ 11] Section 14–09–06.2(1)(f) goes to the "moral fitness of the parents, as that fitness impacts the child." The district court found that factor (f) favored neither party. It found that Behrens had been rehabilitated since her criminal convictions. Colling's arguments also ask us to reweigh evidence and reassess credibility. The record supports the district court's findings for factor (f).

[¶ 12] Finally, Colling's arguments reference the district court's deviation from the parenting investigator's recommendations. District courts are not required to follow the parenting investigator's recommendations. *Morris v. Moller*, 2012 ND 74, ¶ 6, 815 N.W.2d 266. The district court explained it considered the investigator's recommendations, but trial testimony convinced it to deviate from the recommendation on factors (d) and (f). The district court properly exercised its discretion.

III

[¶ 13] The second issue presented before us is whether Judge Hill violated N.D. Code Jud. Conduct Rule 2.11(A)(1). Under Rule 2.11(A)(1), a "judge shall disqualify in any proceeding in which the judge's impartiality might reasonably be questioned, including the following circumstance[ ]: the judge has … personal knowledge of facts that are in dispute in the proceeding." Colling does not explain what knowledge Judge Hill obtained in his personal capacity. The order does not rely on any facts from outside the record in this case. His brief simply asserts the judge showed bias because the court's order once refers to Richard Colling as "Robert" and spells the child's name as "R.W.B." rather than "R.W.B.C." These two references do not support a conclusion that the court relied on extrajudicial knowledge in this matter. That Judge Hill heard testimony in a different residential responsibility case involving Behrens does not on its own raise a reasonable question about his impartiality under Rule 2.11. We reject Colling's argument that there was a mandatory duty on the district court judge to disqualify in this case.

[¶ 14] Where a party has had a prior experience before a particular judge and that party or an opposing party prefers to have another judge hear a case, N.D.C.C. § 29-15-21 permits any party to demand a change of judge without having to state a reason. Parties and their counsel must decide whether to invoke this option within ten days after a judge is assigned. The relevant circumstances of the prior case were public record when Judge Hill was assigned to this case, and no demand for change of judge was made.

IV

[¶ 15] We affirm the judgment, concluding the district court did not clearly err in awarding primary residential responsibility to Adrienne Behrens.

[¶ 16] Jerod E. Tufte

Carol Ronning Kapsner

Lisa Fair McEvers

I concur in the result.

Daniel J. Crothers

I concur in the result.

Gerald W. VandeWalle, C.J.