2017 ND 187

**In the MATTER OF the ADOPTION OF J.L.F.**

**A.J.F., Petitioner and Appellant**

v.

**North Dakota Department of Human Services, J.M., and S.D-F., Respondents**

No. 20160399

Supreme Court of North Dakota.

Filed 7/31/2017

Theresa L. Kellington, Bismarck, N.D., for petitioner and appellant; on brief.

Tufte, Justice.

[¶ 1] A.F. appeals a district court order denying his petition to adopt J.L.F. The district court denied his petition after finding the child's biological father neither consented to the adoption nor abandoned his child. We affirm, concluding the district court's findings of fact are not clearly erroneous.

I

[¶ 2] J.L.F. was born in 2012. The child's father and mother never married, and their relationship ended in 2014. In 2015, a district court awarded the mother primary residential responsibility for the child and imposed on the father supervised parenting time. In 2016, the mother married A.F., and later that year A.F. petitioned the district court to adopt the child.

[¶ 3] During the evidentiary hearing on A.F.'s petition, the child's mother testified that the father had not seen his child between October 2015 and November 29,

2016, the date of the hearing. The father testified that he had made several attempts to visit his child during the previous year, but his attempts were unsuccessful. The district court ultimately denied A.F.'s petition, finding he had not met his burden of proving he satisfied the adoption requirements under N.D.C.C. ch. 14-15.

## II

[¶ 4] Under N.D.C.C. § 14-15-05, an individual seeking to adopt a child must ordinarily obtain the written consent of the child's parents. Written consent of a parent is not required if the district court finds "the parent for a period of at least one year has failed significantly without justifiable cause: (1) To communicate with the child; or (2) To provide for the care and support of the child as required by law or judicial decree." N.D.C.C. § 14-15-06(1)(b). Written consent also is not required if the district court finds the parent abandoned the child. See N.D.C.C. § 14-15-06(1)(a). The child's biological father, J.M., did not provide written consent. The district court found A.F. failed in his burden of proving any exception to the consent requirement, including abandonment by the biological father. Accordingly, the district court denied the petition. The issue on appeal is whether the district court clearly erred by finding the father had not abandoned his child and A.F. failed to meet his burden.

[¶ 5] A district court's findings are reviewed under our clearly erroneous standard. *In re Adoption of H.G.C.*, 2009 ND 19, ¶ 10, 761 N.W.2d 565. A finding of fact is clearly erroneous if (1) "it is induced by an erroneous view of the law"; (2) "there is no evidence to support it"; or (3) "we are left with a definite and firm conviction a mistake has been made." *In re Adoption of K.J.C.*, 2016 ND 67, ¶ 7, 877 N.W.2d 62.

[¶ 6] This Court has previously outlined factors district courts should consider in determining abandonment:

> [W]e look to such factors as the parent's contact and communication with the child, the parent's love, care and affection toward the child, and the parent's intent. Also relevant is the parent's acceptance of parental obligations, such as "to care for, protect, support, educate, give moral guidance to, and provide a home for the child." "A parent's negligent failure to perform his parental duties is significant to the issue of abandonment."

*Adoption of H.G.C.*, 2009 ND 19, ¶ 12, 761 N.W.2d 565 (quoting *In re Adoption of S.R.F.*, 2004 ND 150, ¶ 10, 683 N.W.2d 913). Intent can be inferred from the parent's conduct. *Id.*

[¶ 7] A.F. contends the district court erred in its application of § 14-15-06(1)(b), because the record established the father had not seen the child for over a year. Section 14-15-06(1)(b) permits adoption without written consent of a non-custodial parent if that parent, for one year, "failed significantly" and "without justifiable cause" to communicate with the child or provide for the care and support of the child. The mother's testimony at trial acknowledged the father attended supervised visitation on multiple occasions before his last contact with the child in October 2015. The father testified that beginning in November 2015 there were communication problems with the supervised visitation center that prevented him from visiting with his child. He asserted he made several attempts to contact the center without response. He also discussed his pending motions in other court files relating to the parenting plan and child support. Additional testimony described his attempts on three occasions to make arrangements

with the law firm of the mother's counsel to visit his child. On this record, we cannot say the district court clearly erred by finding A.F. failed to meet his burden of proving the father's attempts constituted a significant failure and were without justifiable cause.

[¶ 8] A.F. also argues the district court clearly erred by finding the father did not abandon his child. While the father was not successful in his multiple attempts to visit his child, these attempts are evidence of his intent to maintain the relationship with his child. The district court heard testimony that the father had attempted to arrange supervised visitation through the visitation center and had attempted to arrange gifts and visits through the mother's lawyer, all without response. A.F. argues the father failed to provide corroborating evidence proving that his attempts to visit his child had occurred. This assertion goes to the credibility of the witnesses and the weight of the evidence. We do not reweigh evidence or reassess the credibility of witnesses. *Interest of R.W.B.C.*, 2017 ND 144, ¶ 8, 896 N.W.2d 226. The district court's findings are supported by the record, and we are not left with a definite and firm conviction that a mistake has been made.

### III

[¶ 9] We affirm, concluding the district court's findings are not clearly erroneous.

[¶ 10] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.