Filed 4/8/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 59

Scott Alan Kruckenberg, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20120387

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail H. Hagerty, Judge.

AFFIRMED.

Per Curiam.

Kent M. Morrow (on brief), P.O. Box 2155, Bismarck, N.D. 58502-2155, for petitioner and appellant.

Lloyd C. Suhr, Assistant State’s Attorney (on brief), Courthouse, 514 E. Thayer Ave., Bismarck, N.D. 58501, for respondent and appellee.

Kruckenberg v. State

No. 20120387

Per Curiam.

[¶1] Scott Kruckenberg appeals the trial court’s order dismissing his post-

conviction relief application alleging the State did not comply with the habitual offender statute resulting in an illegal sentence and ineffective assistance of trial counsel.

[¶2] Under N.D.C.C. § 12.1-32-09(5), a presentence investigation is mandatory unless extraordinary circumstances exist, and the failure to conduct a presentence investigation is legal error.  Here, Kruckenberg failed to object at his sentencing hearing, limiting our review to obvious error.  
See
  
State v. Nikle
, 2006 ND 25, ¶ 5, 708 N.W.2d 867.  “To establish obvious error, a defendant must show error occurred that 1) was plain, meaning it deviated from a legal rule under the current law, and 2) affected substantial rights, meaning the outcome of the proceeding was affected.”  
Id.
  The trial court found Kruckenberg failed to show his sentence was affected by the lack of a presentence investigation and he was prejudiced.  Therefore, we conclude the trial court did not err in denying his post-conviction relief application.  We affirm under N.D.R.App.P. 35.1(a)(2) and (7).  
See
 
Nikle
, at ¶ 13 (holding to establish the second prong of an ineffective assistance of counsel claim, the defendant must show counsel’s error affected the result of the proceeding).

[¶3] Gerald W. VandeWalle, C.J.

Mary Muehlen Maring

Daniel J. Crothers

Carol Ronning Kapsner

Allan L. Schmalenberger, S.J.

[¶4] The Honorable Allan L. Schmalenberger, S.J., sitting in place of Sandstrom, J., disqualified.