**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**APRIL 5, 2021**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 63

Jean Kaspari,                                                  Plaintiff and Appellee

v.

Thomas Kaspari,                                          Defendant and Appellant

### No. 20200258

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

VACATED IN PART AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Ann C. Mahoney, Center, N.D., for plaintiff and appellee.

Jennifer M. Gooss, Beulah, N.D., for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Thomas Kaspari appealed from a divorce judgment arguing the district court erred when it ordered him to pay spousal support to Jean Kaspari until her death or remarriage. We conclude the district court erred as a matter of law because its award of spousal support is for an unlimited period of time. We vacate the spousal support portion of the judgment and remand for the district court to reconsider the issue in light of this opinion.

I

[¶2]   Jean and Thomas Kaspari married in 1983. Jean Kaspari is 58 years old. Thomas Kaspari is 59 years old. Jean Kaspari is a registered nurse. Thomas Kaspari is a physician. Jean Kaspari moved out of the marital home in 2013. She filed for divorce in 2019. The parties stipulated to a marital property division. The district court held a trial in August 2020. The court adopted the parties' marital property stipulation, and it entered a judgment ordering Thomas Kaspari to "pay Jean $7,000.00 per month in permanent spousal support until her death or remarriage."

II

[¶3]   The district court's authority to award spousal support is provided by N.D.C.C. § 14-05-24.1(1):

> Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for a limited period of time in accordance with this section. The court may modify its spousal support orders.

The current version of this statute, which is applicable to the judgment in this case, became effective on August 1, 2015. The prior version of the statute allowed the district court to order spousal support for "any period of time" rather than "a limited period of time." *See* 2015 N.D. Sess. Laws ch. 124, § 1.

[¶4] Thomas Kaspari argues the district court erred as a matter of law because its award of spousal support is unlimited in duration. His argument requires us to interpret the phrase "limited period of time." Statutory interpretation is a question of law that is fully reviewable on appeal. *Hagerott v. Morton Cty. Bd. of Comm'rs*, 2010 ND 32, ¶ 13, 778 N.W.2d 813.

> The primary purpose of statutory interpretation is to determine the intention of the legislation. *In re Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1-02-39.

*Gooss v. Gooss*, 2020 ND 233, ¶ 7, 951 N.W.2d 247 (alteration in original).

[¶5] The Legislature changed the permissible duration of spousal support from "any period of time" to "a limited period of time" in 2015. "[W]e presume the Legislature acts with purpose and does not perform idle acts." *Meier v. North Dakota Dep't of Human Services*, 2012 ND 134, ¶ 10, 818 N.W.2d 774. Under its plain meaning, the phrase "a limited period of time" requires a set duration. The spousal support award in this case—until death or remarriage— may last the entirety of the parties' lives. It is indefinite. It lacks a fixed duration. We therefore conclude the district court's judgment does not comply with the plain language of N.D.C.C. § 14-05-24.1(1).

[¶6] Jean Kaspari claims we have approved indefinite spousal support awards, citing our use of the term "indefinite permanent support" in *O'Keeffe v. O'Keeffe*, 2020 ND 201, 948 N.W.2d 848. The issue before us in that case was whether an award of spousal support was rehabilitative or non-rehabilitative for purposes of spousal support termination. *Id.* at ¶ 9; *see also* N.D.C.C. §§ 14-05-24.1(3) and (4) (non-rehabilitative spousal support shall be terminated upon a showing of habitual cohabitation in a relationship analogous to marriage for

one year or more; termination for cohabitation does not apply to rehabilitative spousal support). We quoted a prior decision that used the term "indefinite permanent support" for the proposition that a substantial income disparity may support an award of non-rehabilitative support. *O'Keeffe*, at ¶ 12 (quoting *Krueger v. Krueger*, 2008 ND 90, ¶ 9, 748 N.W.2d 671). Our holding did not concern the permissible duration of a spousal support order under N.D.C.C. § 14-05-24.1, nor did we interpret the language at issue in this case.

[¶7]   We hold the district court erred as a matter of law when it ordered spousal support for an unlimited period of time.

### III

[¶8]   We vacate the portion of the judgment ordering Thomas Kaspari to pay Jean Kaspari spousal support until her death or remarriage. Because we have vacated the spousal support award, we do not consider Thomas Kaspari's arguments concerning the amount ordered. We remand the case for the district court to reconsider the issue of spousal support in light of this opinion.

[¶9]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

3