# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 207

Jean Kaspari,                                              Plaintiff and Appellee

    v.

Thomas Kaspari,                                        Defendant and Appellant

### No. 20230189

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

DISMISSED IN PART AND AFFIRMED IN PART.

Opinion of the Court by Bahr, Justice.

John J. Mahoney, Center, ND, for plaintiff and appellee; submitted on brief.

Jennifer M. Gooss, Beulah, ND, for defendant and appellant; submitted on brief.

**Bahr, Justice.**

[¶1]   Thomas Kaspari appeals the district court's second amended judgment, entered after our remand in *Kaspari v. Kaspari*, 2022 ND 204, 982 N.W.2d 291, and the court's order denying his motion for relief from judgment. We conclude the appeal of the second amended judgment is untimely. We further conclude the appeal of the order denying the motion for relief from judgment was not sufficiently briefed. We dismiss Thomas Kaspari's appeal of the second amended judgment and affirm the order denying his motion for relief from judgment.

I

[¶2]   Thomas Kaspari and Jean Kaspari were married in 1983. Jean Kaspari initiated divorce proceedings in 2019. This is the fourth appeal of this case. *See Kaspari v. Kaspari*, 2021 ND 63, 958 N.W.2d 139; *Kaspari v. Kaspari*, 2022 ND 57, 971 N.W.2d 846; *Kaspari*, 2022 ND 204.

[¶3]   The district court entered a second amended judgment following our remand in *Kaspari*, 2022 ND 204. Jean Kaspari served Thomas Kaspari with notice of entry of the second amended judgment on February 22, 2023. On April 19, 2023, Thomas Kaspari moved for relief from the judgment under N.D.R.Civ.P. 60(b). The court denied the motion. Thomas Kaspari served Jean Kaspari with notice of entry of the court's order denying the motion for relief from judgment on June 12, 2023. On the same day, Thomas Kaspari filed a notice of appeal noticing he is appealing the second amended judgment and the order denying his motion for relief from judgment.

II

[¶4]   "Before we consider the merits of an appeal, we must have jurisdiction." *Hoffarth v. Hoffarth*, 2020 ND 218, ¶ 5, 949 N.W.2d 824 (quoting *Kautzman v. Doll*, 2018 ND 23, ¶ 6, 905 N.W.2d 744). Although neither party raised the issue of jurisdiction, this Court has the duty to dismiss an appeal on its own if

we conclude the attempted appeal fails for lack of jurisdiction. *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 9, 580 N.W.2d 583.

[¶5] "The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction." *Jacobs-Raak v. Raak*, 2020 ND 107, ¶ 12, 942 N.W.2d 879 (quoting *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 6, 855 N.W.2d 608). In civil cases, "the notice of appeal required by Rule 3[, N.D.R.App.P.,] must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a)(1). A motion under N.D.R.Civ.P. 60 tolls the time to appeal "if the motion is served and filed no later than 28 days after notice of entry of judgment[.]" N.D.R.App.P. 4(a)(3)(A)(vi); *compare Werven v. Werven*, 2016 ND 60, ¶ 9, 877 N.W.2d 9 (concluding "[t]he post-judgment motion was filed within 28 days of notice of entry of judgment, so the time to file an appeal from the divorce judgment was tolled until the motion was disposed of"), *with Waslaski v. State*, 2013 ND 70, ¶ 9, 830 N.W.2d 228 (concluding the "motion was timely under Rule 60(b)," but "untimely for purposes of directly considering the underlying order on appeal[,]" since it "was not brought within 28 days" of actual notice of the order).

[¶6] Jean Kaspari served Thomas Kaspari with notice of entry of the second amended judgment on February 22, 2023. Fifty-six days later, on April 19, 2023, Thomas Kaspari served and filed his motion for relief from judgment. Because he served and filed his motion for relief from judgment more than 28 days after service of the notice of entry of judgment, the time to appeal the second amended judgment was not tolled under N.D.R.App.P. 4(a)(3)(A)(vi). Thus, under N.D.R.App.P. 4(a)(1), Thomas Kaspari was required to file the notice of appeal within 60 days from February 22, 2023. Thomas Kaspari filed the notice of appeal of the second amended judgment on June 12, 2023, more than 60 days after service of the notice of entry of judgment. Therefore, his appeal of the second amended judgment is untimely and we are without jurisdiction to decide it.

[¶7] Thomas Kaspari filed the notice of appeal of the court's order denying his motion for relief from judgment on the same day he served the notice of entry

2

of the order. Therefore, Thomas Kaspari timely filed the notice of appeal of that order and we have jurisdiction to consider his appeal of the order denying the motion for relief from judgment.

## III

[¶8]   In his notice of appeal and the caption of his brief, Thomas Kaspari asks this Court to review the order denying his motion for relief from judgment. However, Thomas Kaspari only mentions the order denying the motion for relief from judgment in the statement of the case section of his brief. In that section, Thomas Kaspari notes the date the district court entered the order; at no place does Thomas Kaspari present any argument regarding how the court abused its discretion by denying his motion for relief from judgment. *See Sadek v. Weber*, 2023 ND 14, ¶ 10, 985 N.W.2d 672 ("We review decisions on Rule 60(b) motions for an abuse of discretion.").

[¶9]   "We do not consider arguments that are not adequately articulated, supported, and briefed." *Trosen v. Trosen*, 2022 ND 216, ¶ 33, 982 N.W.2d 527. "A party abandons an argument by failing to raise it in the party's appellate brief." *Somerset Ct., LLC v. Burgum*, 2021 ND 58, ¶ 13, 956 N.W.2d 392 (quoting *O'Keeffe v. O'Keeffe*, 2020 ND 201, ¶ 14, 948 N.W.2d 848). As Thomas Kaspari did not brief the order denying the motion for relief from judgment, this Court does not consider the issue. *See Riskey v. Riskey*, 2018 ND 214, ¶ 15, 917 N.W.2d 488 ("Issues not briefed by an appellant are deemed abandoned, and thereby become the law of the case and will not be considered on appeal." (quoting *State v. Duchene*, 2007 ND 31, ¶ 10, 727 N.W.2d 769)).

## IV

[¶10] Appellee's original brief referred to Appellant as "a complete and total dickface[.]" Without prompting by this Court, Appellee's counsel filed a motion for leave to amend and an amended brief removing the offensive and inflammatory language, asserting "the originally filed brief includes information and editorial statements of staff members in the conclusion portion that were erroneously included in the filed document." Even if inadvertent, the originally filed but removed language is insulting,

unprofessional, and does nothing to advance Appellee's argument. Such language also generally demeans the judicial system and the legal profession. A party or attorney's use of uncivil, disrespectful, insulting, offensive, or abusive language may result in sanctions, especially after warning. No lawyer should require a warning to avoid filing a brief with such uncivil and offensive language.

[¶11] Appellee's counsel has not previously used or been warned about using abusive or disrespectful language in a filing with this Court. We impose no sanction here. We warn all counsel filing material with this Court that sanctions may be imposed on attorneys who file documents containing similarly abusive or disrespectful language.

V

[¶12] We have considered Thomas Kaspari's remaining arguments and conclude they are either without merit or are not necessary to our decision. We dismiss Thomas Kaspari's appeal of the second amended judgment. We affirm the district court's order denying the motion for relief from judgment.

[¶13]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

4